**ZHAO QIN WANG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 05–0897–ag.

United States Court of Appeals, Second Circuit.

Aug. 9, 2006.

Michael Brown, New York, NY, for Petitioner.

Stephen J. Murphy, United States Attorney, Eastern District of Michigan; Vanessa Miree Mays, Assistant United States Attorney, Detroit, MI, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. CHESTER J. STRAUB and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Zhao Qin Wang, through counsel, petitions for review of the Board of Immigration Appeals ("BIA") February 1, 2005 order denying his motion to reconsider and reopen the BIA's November 18, 2004 decision, dismissing Wang's appeal from Immigration Judge ("IJ") Helen Sichel's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA denies a motion to reopen or reconsider, we review the BIA's decision for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005) (internal citations omitted). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ The BIA did not abuse its discretion in denying Wang's motion either to reconsider its prior decision or to reopen proceedings. The BIA erred in finding that Wang failed to specify errors of fact or law in its November 2004 order. However, the BIA's error was harmless because the IJ based her decision on an adverse credibility finding, and the BIA specifically addressed this finding. In considering Wang's motion to reopen, the BIA took into account the new affidavit provided by Wang's wife, but reasonably found that it failed to explain why she did not mention the second sterilization in her first letter. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005). Additionally, the BIA noted that Wang failed to address or explain the discrepancies between his testimony and asylum applications—he testified that he was hiding in China between 1994 and 2000, and the authorities continued to look for him after he left China, but did not mention these events in his application. *Id.*

■ Further, Wang argues that the BIA erred by taking administrative notice of the background material to justify the denial of his motion to reopen without affording him an opportunity to rebut the inferences drawn from the State Department report. This argument is unavailing. In reaching her decision below, the IJ specifically found that there was "nothing in the record of proceedings which would support [Wang's] claim that even after one member of a couple is sterilized that the authorities pursue the unsterilized member of the couple, and attempt to prosecute them for criminal violations relating to family planning matters." The BIA did not make its own factual findings, rather, it echoed the IJ's determination when it stated that "it [was] inconsistent with background materials that family planning authorities would continue to look for [Wang] following his departure from China, given that his wife was successfully sterilized and the fines were paid." Moreover, to the extent that Wang challenges the IJ's findings with respect to the other discrepancies between his testimony and asylum application mentioned by the BIA, this Court may review only the BIA's order denying the motion to reconsider or reopen, as that is the only decision from which a petition was timely filed. *See Paul v. Gonzales*, 444 F.3d 148, 153 (2d Cir.2006); 8 U.S.C. § 1252(b)(1) (providing that a petition for review of a BIA order must be filed within thirty days of entry of that order).

Lastly, because Wang fails to raise his claim that he is eligible for adjustment of status in his petition for review, any challenge to the BIA's resolution of this issue is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.